**10 CIV 0053**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
**SAMUEL FOSTER**
       Plaintiff,

   -against-       COMPLAINT

THE CITY OF NEW YORK,      JURY TRIAL DEMANDED
NEW YORK CITY POLICE DEPARTMENT and
POLICE OFFICERS JOHN DOE #1-10 (the name
JOHN DOE being fictitious, as the true names are
presently unknown), individually, in their official
capacities and as aiders and abettors
       Defendants.
-------------------------------------------------------------------X


RECEIVED JAN 06 2010 U.S.D.C. S.D.N.Y. CASHIERS

   Plaintiff **SAMUEL FOSTER**, by his attorney, LAUREN P. RAYSOR, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. Section 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §1319(b), in that this is District where the claim arose.

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rules of Civil Procedure 38(b).

## PARTIES

6. Plaintiff is a black male who, at all relevant times herein, is a citizen of the United States, and a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized police authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, Police Officers "JOHN DOE" #1-10, individually and in their official capacities, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered 1 through 12 with the same force and effect as if fully set forth herein.

14. At approximately 7:30 PM on or about October 30, 2007 Plaintiff **SAMUEL FOSTER** was falsely arrested while in front of 1912 Loring Place, Bronx NY on 3rd Avenue and 149th Street Bronx NY, despite defendant's knowledge that they lacked probable cause to do so.

15. Plaintiff **SAMUEL FOSTER** was transported from the arrest location to the 46th precinct.

16. Plaintiff **SAMUEL FOSTER** was then transported to Central Booking where he spent 4-6 hrs.

17. Plaintiff SAMUEL FOSTER was then transported to the BARGE in Bronx NY and was held there for about 3 hrs, then transported to the court.

18. Plaintiff SAMUEL FOSTER was released after his mother showed proof that a past Surcharge was paid and Plaintiff was released.

## FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 18 with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

21. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C §1983.

22. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

25. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

## SECOND CLAIM FOR RELIEF

### FALSE ARREST UNDER 42 U.S.C. §1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. As a result of defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

28. As a result of the foregoing, Plaintiff's liberty was restricted for an extended

period of time, and he was put in fear of his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

29. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

### THIRD CLAIM FOR RELIEF

### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

32. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

33. Defendants were motivated by actual malice in initiating criminal proceedings against Plaintiff.

34. Defendants misrepresented and falsified evidence before the District Attorney.

35. Defendants did not make a complete and full statement of facts to the District Attorney.

36. Defendants withheld exculpatory evidence from the District Attorney.

37. Defendants misrepresented and falsified evidence before the Grand Jury.

38. Defendants were directly and actively involved in continuing criminal proceedings against Plaintiff.

39. Defendants lacked probable cause to continue criminal proceedings against

Plaintiff.

40. Defendants were motivated by actual malice in continuing criminal proceedings against Plaintiff.

41. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

42. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages and physical injury

## FOURTH CLAIM FOR RELIEF

### MALICIOUS ABUSE OF LEGAL PROCESS UNDER 42 U.S.C. §1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Officers "JOHN DOE" #1-10 lacked evidence and/or probable to stop Plaintiff/ or place Plaintiff under arrest, but still proceeded to arrest him and cause him unjustifiably to make court appearances.

45. Officers "JOHN DOE" #1-10 acted with intent to do harm to Plaintiff without excuse or justification.

46. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages and physical injuries.

## FIFTH CLAIM

### MUNICIPAL LIABILITY

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. Officers "JOHN DOE" #1-10 created false evidence against Plaintiff and forwarded false information to prosecutors, notwithstanding their knowledge that said fabrications would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

49. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, state actions with all the actual and/or apparent authority attendant thereto, following customs, policies and practices of the municipal defendant.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to falsifying police reports and fabricating evidence to conceal the wrongful apprehension of persons arrested without probable cause for such arrests.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to Plaintiff's safety, well-being and constitutional rights.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate

cause of the violations of the constitutional rights of Plaintiff.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff was unlawfully incarcerated.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

56. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

57. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to:

a. The right to not to be deprived of liberty without due process of law;

b. The right to be free from unlawful search and seizure;

c. The right to be free from unwarranted and malicious criminal prosecution;

d. The right to equal protection under the law.

58. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

## SIXTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Defendant City of New York, through the purposeful actions of its agents,

servants and employees, engaged in extreme and outrageous conduct and intentionally inflicted severe emotional distress upon Plaintiff.

61. This intentional conduct by defendants, to wit, and Officers "JOHN DOE" #1-10, has caused Plaintiff to suffer severe mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENT HIRING AND RETENTION

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Plaintiff.

64. to engage in the wrongful conduct heretofore alleged in this Complaint.

65. Upon information and belief defendant City of New York negligently trained, hired, retained and supervised Officers JOHN DOE #1-10 who conducted and participated in the arrest of Plaintiff and who the City of New York knew, or should have known had the propensity to falsely arrest African Americans.

66. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff suffered mental anguish, pain, trauma, embarrassment, humiliation, apprehension, shock, fright, inconvenience, losses and damages.

**WHEREFORE**, by reason of the aforesaid conduct by defendants, Plaintiff, **SAMUEL FOSTER**, demands the following relief:

(a) compensatory damages in the amount of five million dollars ($5,000,000.00);

(b) punitive damages;

(c) attorney's fees, as well as costs and disbursements, and

(d) any further relief that the Court may find just and proper.

Dated: New York, New York

     December 15, 2009

By: _____
LAUREN P. RAYSOR (LPR1551)

Attorney for Plaintiff